
Exhibit B

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TERESA WHITE** | : | **CASE NO.** |
| Plaintiff, | : | **JUDGE** |
| vs. | : | |
| **ROTO-ROOTER SERVICE COMPANY** | : | |
| Defendant. | : | |

**ANSWER OF DEFENDANT ROTO-ROOTER SERVICE COMPANY**

For its Answer to Plaintiff's Complaint, Defendant Roto-Rooter Service Company states as set forth below:

**FIRST DEFENSE**

For its First Defense, Defendant responds to the numbered paragraphs of Plaintiff's Complaint, in like-numbered paragraphs, as follows:

1. Defendant denies for want of knowledge the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant denies for want of knowledge the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits it is licensed to do business in the state of Ohio. The remaining allegations contained in Paragraph 3 of Plaintiff's Complaint are denied.

4. Paragraph 4 contains a legal conclusion to which no response is required. Otherwise, Defendant denies for want of knowledge the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Paragraph 5 contains a legal conclusion to which no response is required. Otherwise, Defendant denies for want of knowledge the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant denies for want of knowledge the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies for want of knowledge the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies for want of knowledge the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies for want of knowledge the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies for want of knowledge the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies for want of knowledge the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Paragraph 21 contains a legal conclusion to which no response is required. Otherwise, Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant reincorporates Paragraphs 1 through 27, above, as if fully rewritten herein.

29. Paragraph 29 contains a legal conclusion to which no response is required. Otherwise, Defendant denies for want of knowledge the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant reincorporates Paragraphs 1 through 32, above, as if fully rewritten herein.

34. Paragraph 34 contains a legal conclusion to which no response is required. Otherwise, Defendant denies for want of knowledge the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Paragraph 35 contains a legal conclusion to which no response is required. Otherwise, Defendant denies for want of knowledge the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Paragraph 36 contains a legal conclusion to which no response is required. Otherwise, Defendant denies for want of knowledge the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Paragraph 37 contains a legal conclusion to which no response is required. Otherwise, Defendant denies for want of knowledge the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Paragraph 38 contains a legal conclusion to which no response is required. Otherwise, Defendant denies for want of knowledge the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint, including subparts.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint, including subparts.

41. Defendant reincorporates Paragraphs 1 through 40, above, as if fully rewritten herein.

42. Paragraph 42 contains a legal conclusion to which no response is required. Otherwise, Defendant denies for want of knowledge the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Paragraph 43 contains a legal conclusion to which no response is required. Otherwise, Defendant denies for want of knowledge the allegations contained in Paragraph 42 of Plaintiff's Complaint.

44. Paragraph 44 contains a legal conclusion to which no response is required. Otherwise, Defendant denies for want of knowledge the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant reincorporates Paragraphs 1 through 50, above, as if fully rewritten herein.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

1. All allegations in Plaintiff's Complaint, not expressly admitted in this Answer, are denied.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff lacks standing and/or is not the real party in interest.

4. Plaintiff's claims are barred by the applicable statute(s) of limitations.

5. Plaintiff's claims are barred and/or subject to the statute of frauds.

6. Plaintiff's claims are barred and/or subject to the parol evidence rule.

7. Plaintiff failed to join necessary and indispensable parties.

8. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, accord and satisfaction, res judicata, estoppel, laches, unclean hands, acquiescence, set-off, and/or settlement.

9. Plaintiff failed to mitigate damages, if any.

10. This Court lacks personal jurisdiction over Defendant.

11. Plaintiff's claims are not ripe and/or not justiciable.

12. Plaintiff's claims are barred by the doctrine of release.

13. Plaintiff's claim for punitive damages is barred, in whole or in part, by the Constitutions of the United States, the State of Ohio, and/or of any other applicable state law.

14. Plaintiff lacks standing and/or capacity.

15. Defendant reserves the right to amend this Answer to add additional affirmative defenses, crossclaims, counterclaims, and/or third-party claims as may be disclosed in the captioned matter.

16. Venue is improper.

17. Some or all of the damages alleged in Plaintiff's Complaint may have been caused by remote, intervening and/or superseding causes, or persons or entities for whom Defendant are not responsible, including those not presently known to Defendant.

18. After the facts of this case are known, following discovery, Plaintiff's damages may be impacted by the doctrines of comparative negligence, assumption of the risk, or other legal doctrine that may be applicable to this case.

19. In the event Defendant is found liable, such liability denied, it is only liable for its proportionate share of Plaintiff's alleged damages per R.C. § 2307.22, *et seq*.

20. Any allocation of fault by a trier of fact must be consistent with R.C. § 2307.22, *et seq.*, R.C. § 2307.23, *et seq*.

21. Any allocation of liability must include the fault of non-parties per R.C. § 2307.23, *et seq*.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice and that Plaintiff be ordered to pay all costs and reasonable attorney fees sustained by Defendant.

## **COUNTERCLAIM**

Now comes Defendant/Counterclaimant Roto-Rooter Services Company and hereby states its Counterclaim against Teresa White ("White") as follows:

1. White's Complaint is incorporated herein by reference, not for purpose of admitting any of the allegations contained herein, but solely to state a basis for this Counterclaim. Counterclaimant denies any and all allegations not previously admitted.

2. In July of 2024, White contacted Counterclaimant regarding potential water mitigation services for her residential property located at 1816 Ramsburg Ave., Columbus, Ohio 43223.

3. On July 2, 2024, the parties entered into the Water Mitigation Agreement ("Agreement"). A complete copy of the Agreement is attached as Exhibit A.

4. Per the Agreement, White and Counterclaimant were parties to the contract.

5. Per the Agreement, Counterclaimant agreed to "[e]xtract water, apply chemical, remove unsalvageable material, clean as needed, set equip to dry."

6. White was informed the final price of the work Counterclaimant performed would be determined using the Xactimate software pricing system.

7. On July 2, 2024, Counterclaimant estimated that the total price would be between $3,000 and $6,000.

8. However, the Agreement specifies that the actual price will be based on the actual work and could exceed or recede the estimate.

9. White, "authorize[d] the services described … and agree[d] to pay the amounts indicated."

10. After arriving on the property, Counterclaimant determined that excavation work would need to be performed.

9

11. Counterclaimant presented White with an "Excavation Proposal" requesting authority for Counterclaimant to preform additional work. A complete copy of the Excavation Proposal is attached as Exhibit B.

12. Counterclaimants informed White, in writing, that the excavation work would cost $8,000.

13. Again, in writing, White agreed to the terms of the Excavation Proposal.

14. Counterclaimant completed the water mitigation services pursuant to Exhibit A and the excavation work pursuant to Exhibit B.

15. Consistent with the Agreement, the work performed by Counterclaimant was entered into the Xactimate software, and a final invoice was generated.

16. White was provided an itemized invoice in the amount of $3,518.97 for work performed under the Agreement. The invoice is attached as Exhibit C.

17. Upon information and belief, White was provided with a check from her insurance company go towards the services Counterclaimant performed.

18. White cashed the check from her insurance but did not provide the proceeds to Counterclaimant.

19. And despite receiving the benefit of the services Counterclaimants provided, White did not pay Counterclaimant for work performed under the Agreement nor the Excavation Proposal.

20. To date, Counterclaimant has never received payment from White.

## COUNT I

### (Breach of Contract)

21. Counterclaimant adopts herein all of the foregoing statements and averments as if fully rewritten herein.

22. White verbally and/or in writing agreed to a contract with Counterclaimant on July 2, 2024 and July 5, 2024.

23. White owed a duty to perform under the contract.

24. White materially breached the contract when she failed to pay for the services performed by Counterclaimant.

25. Counterclaimant has satisfied and/or was excused from satisfying all of their obligations under the contract due to the breach of White.

26. Due to White's breach of her contractual obligations, Counterclaimant suffered harm and losses.

27. As a direct and proximate result of White's breach of the contract, by failing to pay for the services performed, Counterclaimant has suffered damages.

## COUNT II

### (Unjust Enrichment)

28. Counterclaimant adopts herein all of the foregoing statements and averments as if fully rewritten herein.

29. The labor and materials supplied by Counterclaimant was incorporated into the property and placed White in a better position financially than she was prior to the services being rendered.

30. The services could not have been completed without the labor and materials supplied by Counterclaimant to White, and the services constituted a benefit received by White as a direct result of the services and materials supplied by Counterclaimant.

31. As a result of the Counterclaimant's labor and materials, White has become unjustly enriched at Counterclaimant's expense.

**WHEREFORE**, Counterclaimant Roto-Rooter Services Company demands judgment in an amount in excess of $25,000.00.

    Respectfully submitted,

    */s/ Austin Richards*
    Austin Richards (0101316)
    **REMINGER CO., L.P.A.**
    200 Civic Center Drive, Suite 800
    Columbus, Ohio 43215
    Tel: 614-228-1311 | Fax: 614-232-2410
    arichards@reminger.com
    *Counsel for Defendant, Roto-Rooter Services Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed and served by operation of this Court's CM/ECF electronic filing system and by email this 26th day of June, 2025 upon the following:

    */s/ Austin Richards*
    Austin Richards (0101316)